# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Charlotte N. Sweeney

Civil Action No. 25-cv-00044-CNS

DERON MICHAEL HUMES, II,

     Petitioner,

v.

FLORENCE FCI WARDEN,

     Respondent.

---

## ORDER

---

This matter is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 5 (the Application) filed *pro se* by Petitioner, Deron Michael Humes, II, on January 24, 2025.[1] Respondent filed a Response to Order to Show Cause. ECF No. 23. Mr. Humes has not filed a reply despite being given an opportunity to do so.

The Court must construe the Application liberally because Mr. Humes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should

---

[1] Petitioner's amended application also states, "[p]lease see original filing." ECF No. 5 at 2. As Petitioner is proceeding *pro se*, the Court construes this statement to be a reference to Petitioner's first Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, *see* ECF No. 1, and so has also reviewed the first petition in connection with this order. In his first petition, Petitioner requests the same relief for the same reasons articulated in the amended Application. *See id.* at 6 (stating that Petitioner is seeking "immediate release" because he is "being held on 18 U.S.C. § 922(g)(1)," which "many courts have ruled . . . is unconstitutional").

not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court concludes the Application should be denied without prejudice.

## I.    SUMMARY FOR PRO SE PETITIONER

You filed an application under 28 U.S.C. § 2241 asking that the Court order your immediate release from prison because, you argue, the statute under which you were convicted, 18 U.S.C. § 922(g)(1), is unconstitutional. As explained in further detail below, your request is denied for two reasons.

First, because you are a federal prisoner, the proper way to challenge the constitutionality of your sentence under 18 U.S.C. § 922(g)(1) is to seek relief under 28 U.S.C. § 2255 from the Court that imposed your sentence. However, because your motion does not indicate (i) whether you have already attempted to seek relief under § 2255 from the court that sentenced you (the United States District Court for the Northern District of Iowa), or (ii) whether your attempts to do so, if any, were inadequate or ineffective, the Court does not have jurisdiction to consider your request for relief under 28 U.S.C. § 2241. Second, even if the Court had jurisdiction to consider your request under § 2241, it would be unable to grant such relief because, under Tenth Circuit law, convictions and sentences imposed under 18 U.S.C. § 922(g)(1) on non-violent offenders are not unconstitutional.

## II.    BACKGROUND

Mr. Humes is a convicted and sentenced federal prisoner in the custody of the Federal Bureau of Prisons (BOP). According to BOP records attached to the Respondent's Response, Mr. Humes initially entered BOP custody in August 2024 and

was housed at the Federal Correctional Institution in Florence, Colorado. On July 17, 2025, Mr. Humes was transferred to the United States Penitentiary in Florence, Colorado, and then on July 22, 2025, he was moved to the Federal Transfer Center in Oklahoma City, Oklahoma. ECF No. 23-1 ¶¶ 7–9. The BOP's inmate locator website indicates that, as of the date of this order, Mr. Humes is housed at the United States Penitentiary in Terre Haute, Indiana.[2]

Mr. Humes' incarceration stems from his guilty plea to possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) in the Northern District of Iowa. ECF No. 23-1 at 6–12. On January 29, 2024, the United States District Court for the Northern District of Iowa sentenced Mr. Humes to 70 months imprisonment. *Id.*

### III.   DISCUSSION

Through this § 2241 action, Mr. Humes attempts to lodge a collateral attack to the validity of his conviction under the felon-in-possession statute, 18 U.S.C. § 922(g)(1). ECF No. 5 at 2. Specifically, Mr. Humes contends the felon-in-possession statute is unconstitutional as applied to him pursuant to the Third Circuit's decision in *Range v. Attorney General United States of America*, 124 F.4th 218 (3d Cir. 2024). *Id.* As relief, he requests his "immediate release from BOP custody." *Id.* at 4. In response, Respondent contends that the Application should be dismissed without prejudice for failure to assert a cognizable § 2241 claim. ECF No. 23 at 3-8. The Court agrees.

As an initial matter, the Court must address its jurisdiction over the Application by

---

[2] The BOP's inmate locator is available at: https://www.bop.gov/inmateloc/.

deciding whether 28 U.S.C. § 2255 is inadequate or ineffective for testing the legality of Mr. Humes' detention. The Court finds that § 2255 is not inadequate or ineffective and will now discuss why.

The purposes of a petition for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity," while a "28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also* 28 U.S.C.A. § 2255(A) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). For federal prisoners, the "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).

To proceed with a § 2241 petition, Mr. Humes bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) ("Traditionally, courts have treated the saving clause [in 28 U.S.C. § 2255(e)] as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court."); *see also Prost v.*

4

*Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied. "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy provided by § 2255 is inadequate or ineffective only in "extremely limited circumstances"). To determine whether the remedy provided by the sentencing court pursuant to § 2255 is inadequate or ineffective, the Court must consider whether Mr. Humes' claim could be raised by § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Humes' claim challenges the validity of his felon-in-possession conviction. That is precisely the circumstance under which § 2255 should be utilized. *See* 28 U.S.C. § 2255(a) (authorizing federal prisoners to move the sentencing court where they are "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States"). And nothing in Mr. Humes' § 2241 Application suggests that the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective. Indeed, the Application does not even indicate whether Mr. Humes has even attempted to seek relief under § 2255. As a result, Mr. Humes' § 2241 Application must be dismissed without prejudice for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

Moreover, even if Mr. Humes' claim was cognizable under § 2241, it fails based on the recent holding in *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025). In *Vincent*, the

Tenth Circuit reaffirmed its previous decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), which held that 18 U.S.C. § 922(g)(1) does not offend the Second Amendment. *Vincent*, 127 F.4th at 1264. The Tenth Circuit held that the decision in *McCane* remains good law and that 18 U.S.C. § 922(g)(1)—which prohibits felons from possessing firearms—is not unconstitutional even when applied to nonviolent offenders. *Id.* at 1266 ("Under *McCane*, the Second Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders[.]"). Recently, the Tenth Circuit again emphasized that "at least for now" an argument that 18 U.S.C. § 922(g)(1) is unconstitutional "is foreclosed by [Tenth Circuit] precedents." *United States v. Becker*, No. 24-1331, 2026 WL 643787, at *5 (10th Cir. Mar. 9, 2026) (discussing *Vincent*). Thus, Mr. Humes' claim that § 922(g)(1) is unconstitutional based on noncontrolling authority is without merit.

## IV.   CONCLUSION

Based on the foregoing, it is hereby ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 5, is DENIED, and this case is dismissed without prejudice.[3]

---

[3] The Court dismisses Mr. Humes' Application without prejudice to ensure it will not be treated as an initial § 2255 motion, effectively barring Mr. Humes from asserting a second or successive § 2255 motion in the Northern District of Iowa. *See Haro-Arteaga v. United States*, 199 F.3d 1195, 1196 (10th Cir. 1999) (providing that motions filed under § 2255 were not considered second or successive where earlier § 2255 motions were dismissed without prejudice and without substantive review).

DATED this 7th day of April 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge